*758 Justice Ginsburg, with whom Justice Breyer
joins, concurring in part and dissenting in part.
Agreeing with the Court that appellant Jack Davis has standing and that this case is not moot, I join Part II of the Court’s opinion. On the merits, however, I part ways with the Court. The District Court’s careful and persuasive opinion, as I see it, correctly concluded that the provisions challenged in this case are entirely consistent with Buckley v. Valeo, 424 U. S. 1 (1976) (per curiam), and all other relevant decisions of this Court. I therefore join Part II of Justice Stevens’ opinion.
I resist joining other portions of Justice Stevens’ opinion, however, to the extent that they address Buckley’s distinction between expenditure and contribution limits and, correspondingly, Buckley’s holding that expenditure limits impose “direct quantity restrictions on political communication,” id., at 18. Appellee Federal Election Commission has not asked us to overrule Buckley; consequently, the issue has not been briefed. Convinced that the challenged statute encounters no constitutional shoal under our precedents, I would leave reconsideration of Buckley for a later day and case.